UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
:
    -v- : 13-CR-605-4 (JMF)
:
JUSTIN LOPEZ, : <u>ORDER</u>
:
    Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    The conference scheduled for **December 2, 2020**, is hereby RESCHEDULED to occur as a teleconference on **December 4, 2020**, at **9:00 a.m.**[1] As requested, defense counsel will be given an opportunity to speak with the Defendant by telephone for fifteen minutes before the sentencing proceeding begins (i.e., at **8:45 a.m.**); defense counsel should make sure to answer the telephone number that was previously provided to Chambers at that time. Counsel, members of the press, and the public may access the conference by calling (888) 363-4749, using access code 542-1540 followed by the pound (#) key.

    In accordance with the Court's Emergency Individual Rules and Practices in Light of COVID-19, available at https://www.nysd.uscourts.gov/hon-jesse-m-furman, counsel should adhere to the following rules and guidelines during the hearing:

    1. Each party should designate a single lawyer to speak on its behalf (including when noting the appearances of other counsel on the telephone).

---

[1] The Court submitted a request to conduct the proceeding by videoconference, but — due to the number of proceedings scheduled for next week — was not allocated one of the videoconferencing slots. On that basis, the Court can, and does, find that videoconferencing is not reasonably available and thus, under the CARES Act, the proceeding may be held by telephone. If either party objects to proceeding by telephone — recognizing that it would mean an adjournment of one or more weeks until the Court could obtain a videoconference slot — that party should advise the Court promptly by letter motion.

2. Counsel should use a landline whenever possible, should use a headset instead of a speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise.  In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time.

3. To facilitate an orderly teleconference and the creation of an accurate transcript, counsel are *required* to identify themselves every time they speak.  Counsel should spell any proper names for the court reporter.  Counsel should also take special care not to interrupt or speak over one another.

4. If there is a beep or chime indicating that a new caller has joined while counsel is speaking, counsel should pause to allow the Court to ascertain the identity of the new participant and confirm that the court reporter has not been dropped from the call.

If possible, defense counsel shall discuss the attached Waiver form with the Defendant prior to the proceeding.  If the Defendant consents, and is able to sign the form (either personally or, in accordance with Standing Order 20-MC-174 of March 27, 2020, by defense counsel), defense counsel shall file the executed form **at least 48 hours prior to the proceeding**.  In the event the Defendant consents, but counsel is unable to obtain or affix the Defendant's signature on the form, the Court will conduct an inquiry at the outset of the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature to the form.

To the extent that there are any documents relevant to the proceeding (e.g., proposed orders or documents regarding restitution, forfeiture, or removal), counsel should submit them to the Court (by email or on ECF, as appropriate) at least **at least 48 hours prior to the proceeding**.  To the extent any documents require the Defendant's signature, defense counsel should endeavor to get them signed in advance of the proceeding as set forth above; if defense counsel is unable to do so, the Court will conduct an inquiry during the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature.

SO ORDERED.

Dated: November 24, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

March 31, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -v-

                ,  Defendant(s).
---------------------------------------------------------------X

**CONSENT TO PROCEED BY VIDEO OR TELECONFERENCE**

-CR-     (JMF)

Defendant _____ hereby voluntarily consents to participate in the following proceeding via video or teleconferencing:

___  Initial Appearance/Appointment of Counsel

___  Arraignment (If on Felony Information, Defendant Must Sign Separate Waiver of Indictment Form)

___  Preliminary Hearing on Felony Complaint

___  Bail/Revocation/Detention Hearing

___  Status and/or Scheduling Conference

___  Misdemeanor Plea/Trial/Sentence

_____
Defendant's Signature
(Judge may obtain verbal consent on
Record and Sign for Defendant)

_____
Defense Counsel's Signature

_____
Print Defendant's Name

_____
Print Defense Counsel's Name

This proceeding was conducted by reliable video or teleconferencing technology.

_____
Date

_____
U.S. District Judge